FILED

2025 Jul-10  PM 01:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Plaintiff** | } | |
| | } | |
| **v.** | } | **Case No.: 2:22-cr-00364-MHH-SGC-1** |
| | } | |
| **JUSTIN RASHAD LEWIS,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

In the indictment in this matter, Mr. Lewis is charged with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Mr. Lewis has asked the Court to dismiss the indictment. (Doc. 64). Mr. Lewis contends that § 922(g)(1) "impermissibly burdens his Second Amendment rights, both facially and as applied to him." (Doc. 64, p. 2). The magistrate judge entered a report in which she recommended that the Court deny Mr. Lewis's motion to dismiss. (Doc. 74). Mr. Lewis has objected to the report. (Doc. 76).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Mr. Lewis objects to the magistrate judge's "legal conclusions and factual statements" in the report "*in toto*" to preserve "any and all objections to the Constitutionality of the pending indictment." (Doc. 76, p. 1). Mr. Lewis objects to the magistrate judge's conclusion that § 922(g) is constitutional "generally," "as applied to all non-violent felons," and "without an individualized assessment of the circumstances of Mr. Lewis or of his alleged prior offenses." (Doc. 76, p. 1). Mr. Lewis argues that the "exact contours of the Second Amendment [r]ights implicated by *Bruen* and its progeny" are "unsettled." (Doc. 76, p. 1).

As the magistrate judge explained, the Eleventh Circuit in *United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025), held that neither *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), nor *United States v. Rahimi*, 602 U.S. 680

(2024), abrogated the Eleventh Circuit's decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010). (Doc. 74, pp. 2-3, n. 1). In *Rozier*, the Eleventh Circuit held that § 922(g)(1) is constitutional. *Rozier*, 598 F.3d at 770–71. As the magistrate judge explained, in several unpublished opinions, the Eleventh Circuit has rejected as-applied challenges to § 922(g)(1) based on the non-violent nature of the predicate felony conviction. (Doc. 74, p. 3) (citing cases). Though the Court is not bound by unpublished decisions, the Court agrees that the opinions are persuasive and finds no reason to depart from the holdings in those opinions.

Therefore, the Court overrules Mr. Lewis's objections to the magistrate judge's report and accepts the magistrate judge's recommendation. Accordingly, the Court denies Mr. Lewis's motion to dismiss the indictment, (Doc. 64).

The Clerk of Court shall please TERM Docs. 64 and 74.

**DONE** and **ORDERED** this July 10, 2025.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE