UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | } |
| | } |
| **Plaintiff** | } |
| | } |
| v. | } Case No.: 2:22-cr-00364-MHH- |
| | } SGC-1 |
| **JUSTIN RASHAD LEWIS,** | } |
| | } |
| **Defendant.** | } |

## MEMORANDUM OPINION AND ORDER

In the indictment in this matter, the United States alleges that Mr. Lewis is a felon and that he possessed a firearm in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1).  Mr. Lewis has asked the Court to suppress evidence relating to the firearm and evidence that may increase Mr. Lewis's guideline range if he pleads guilty or if a jury finds him guilty.  (Doc. 63).  The magistrate judge held an evidentiary hearing and entered a report in which she recommended that the Court deny Mr. Lewis's motion to suppress.  (Doc. 73).  Mr. Lewis objects to the report.  (Doc. 75).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Mr. Lewis objects to the magistrate judge's assessment of his initial seizure. Mr. Lewis contends that law enforcement officers manufactured circumstances that gave them a legal basis to seize Mr. Lewis. (Doc. 75, pp. 1-2).[1] Law enforcement officers initially were interested in the driver of a car in which Mr. Lewis was riding. Law enforcement officers planned to engage with the driver at a convenience store where he stopped. Mr. Lewis contends that law enforcement officers should have seized the driver while the driver approached the convenience store, while he was in the store, or as he left the store before he returned to the car in which Mr. Lewis was seated. (Doc. 75, p. 1). According to Mr. Lewis, if the officers had seized the driver

---

[1] The magistrate judge assumed for purposes of her report that law enforcement officers seized Mr. Lewis while he was seated in the backseat of the Impala involved in the arrests on October 15, 2021. (Doc. 73, p. 7). The Court assumes the same.

away from the car, an Impala, the officers would not have had a legal basis to seize him.

Mr. Lewis has not cited authority to support his argument. Though there may be instances in which law enforcement officers might be found to have manufactured circumstances that would allow the officers to seize individuals near a person for whom officers have reasonable suspicion of criminal activity, *United States v. Lewis*, 674 F.3d 1298 (11th Cir. 2012)—much like provoked flight, *United States v. Franklin*, 323 F.3d 1298, 1302 (11th Cir. 2003)—the record here does not support Mr. Lewis's argument that the officers unnecessarily manufactured the circumstances that led to his seizure. The convenience store at which officers executed a "traffic stop" of the Impala had other customers at the time of the stop. Officers had to use their judgment about the best way to approach the driver without endangering others at the gas station/convenience store. The decision to approach the driver when he returned to the Impala was reasonable under the circumstances. Therefore, the Court overrules Mr. Lewis's objection to the analysis of his seizure.

Similarly, Mr. Lewis objects to the magistrate judge's conclusion that he was not provoked to flee from the Impala "after observing the person in the hooded sweatshirt and face mask." (Doc. 75, p. 2). Video evidence demonstrates that just before Mr. Lewis fled, uniformed officers approached the Impala where Mr. Lewis was seated, ordered the front seat passenger to get out of the car, and began to place

that individual in handcuffs. Mr. Lewis ran from the Impala as a uniformed officer was placing the front seat passenger in handcuffs. The arrest of the front seat passenger may have prompted Mr. Lewis to flee, but the officers did not engage in deceptive or improper conduct to provoke his flight. Therefore, the Court overrules Mr. Lewis's objection to the evidence concerning his flight.

Finally, Mr. Lewis objects to the magistrate judge's finding that officers' inventory search of the Impala following the driver's arrest "followed an established standard criteria." (Doc. 75, p. 3). The inventory search is not relevant to the evidence that Mr. Lewis was carrying a firearm because law enforcement officers discovered and seized the firearm before they inventoried the driver's car. (Doc. 72, p. 3). The evidence related to Mr. Lewis that officers discovered during the inventory may be relevant should Mr. Lewis be sentenced in this case. Should the case proceed to a sentencing hearing, the Court will consider arguments regarding evidence found during the inventory search at that stage of the proceedings.

Having resolved Mr. Lewis's objections to the magistrate judge's report, the Court adopts the report as to the evidence of the gun involved in the charge against Mr. Lewis. Consistent with the magistrate judge's recommendation, the Court denies Mr. Lewis's motion to suppress evidence of the gun that he dropped when he fled from the Impala. (Doc. 63).

The Clerk of Court shall please TERM Doc. 63.

**DONE** and **ORDERED** this July 28, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE